# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IN RE ANNE MORRIS,

              Case No. 06-C-612
              (Bankr. Case No.
              05-46019-MDM)

       Debtor.

# DECISION AND ORDER

On April 21, 2006, the Debtor filed the pending Motion for Leave to Appeal Interlocutory Order to District Court. In that motion, the Debtor explains that she commenced a voluntary case under Chapter 13 of the Bankruptcy Code on October 17, 2005. On January 25, 2006, Wells Fargo Financial Acceptance ("Wells Fargo") filed a proof of claim on a secured vehicle loan. The contract value of that vehicle was $14,933.96, not including 9% interest. The Debtor filed an objection to that proof of claim, arguing that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BACPA") "changed the value of a claim secured by an automobile purchased within 910 days (prior to a bankruptcy filing) from the secured property's market value to the contract value . . . ." (Mot. for Leave to Appeal Interlocutory Order to District Court. ["Mot."] ¶ 6.) Important for purposes of the instant request for appeal, the Debtor also argued that the BACPA effected a change in how interest on that claim should be determined.

In *Till v. SCS Credit Corp.*, 541 US. 645 (2004), the Supreme Court set forth the proper methodology for calculating interest on so-called "cramdown" loans. The "cramdown" option was one way a debtor could structure a debt payment plan, providing creditors with both a lien securing the claim and a promise of future property distributions whose total value was not less than the allowed claim. *See Till v. SCS Credit Corp.*, 541 U.S. 465, 468 (2004). A "cramdown" option is so named because such a repayment plan can be confirmed over the claim holder's objection.

In the present case, an evidentiary hearing was held in the bankruptcy court to address the Debtor's objection. The minutes of that hearing, attached to the Debtor's instant motion as Exhibit B, summarize the Debtor's argument that "the interest rate determined in *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), relates only to cramdown situations" and the payment of Wells Fargo's 910 claim should not include interest. (Mot. Ex. B.) The bankruptcy court overruled the debtor's objection and found that the "prime-plus" formula of *Till* controlled. An order memorializing this decision was entered on April 12, 2006. Before this Court, the Debtor argues that "[e]ffectively, the Bankruptcy Court is ruling that Congress' written language is unclear and that the reasoning of *Till* is not to be considered in light of changes to the Code." (Mot. ¶ 8.)

This Court may entertain interlocutory appeals, pursuant to 28 U.S.C. § 158(a), from bankruptcy orders. Leave to appeal such orders, however, is not granted absent exceptional circumstances. *See Escondido v. Mission Vill. L.P. v. Best Prods. Co., Inc.*, 137 B.R. 114,

2

116 (S.D.N.Y. 1992). The decision to consider such appeals is largely discretionary. *See In re Executive Office Ctrs., Inc.*, 75 B.R. 60 (E.D. La. 1987). While the Bankruptcy Code does not identify guidelines for assessing when interlocutory appeals should be considered, Courts have utilized the analogous standards found in 28 U.S.C. § 1292(b). *See In re ANR Advance Trans. Co. Inc.*, 302 B.R. 607, 613 (E.D. Wis. 2003); *In re Pullman Constr. Indus., Inc.*, 143 B.R. 497, 498 (N.D. Ill. 1992).

Under Section 1292, this Court must determine whether the bankruptcy court's decision involves (1) a controlling question of law, (2) as to which there is substantial ground for a divergence of opinion and (3) whether consideration of the immediate appeal will advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

In the present instance, the Court denies the motion for leave to appeal because the Debtor has failed to establish (and the Court cannot find) a divergence of opinion on the issue presented. In fact, "[t]he courts that have addressed 910 claims and the hanging paragraph have overwhelmingly held that interest paid on such claims should be calculated at the *Till* rate." *In re Brooks*, ___ B.R.___, No. 05-10644-8-JRL, 2006 WL 1687478, at * 4 (Bankr. E.D.N.C. June 9, 2006) (citing *In re Johnson*, 337 B.R. 269, 273 (Bankr. M.D.N.C. 2006); *In re Wright*, 338 B.R. 917, 919 (Bankr. M.D. Ala. 2006); *In re Brown*, 339 B.R. 818, 822 (Bankr. S.D. Ga. 2006); *In re Fleming*, 339 B.R. 716, 722 (Bankr. E.D. Mo. 2006); *In re DeSardi*, 340 B.R. 790, 814 (Bankr. S.D. Tex. 2006)). The Debtor's motion does not acknowledge this formidable body of case law, and does not establish that the issue presented

3

could reasonably be resolved contrary to those courts that have already addressed the same question.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Debtor's Motion for Leave to Appeal Interlocutory Order to District Court is **DENIED**.

Dated at Milwaukee, Wisconsin this 23rd day of June, 2006.

                                      **BY THE COURT**

                                  s/ Rudolph T. Randa
                                  **Hon. Rudolph T. Randa**
                                  **Chief Judge**