# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IN RE ANNE MORRIS,            Case No. 06-C-612

**Debtor.**

## DECISION AND ORDER

The underlying action involves the Debtor's voluntary Chapter 13 bankruptcy proceedings. Wells Fargo filed a proof of claim on a secured vehicle loan, which was purchased within 910 days prior to the Debtor's bankruptcy filing (a "910 claim"). The Debtor argued that, in light of the recent amendments to the Bankruptcy Code pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BACPA"), the payment of Wells Fargo's claim should not include interest. The Bankruptcy Court disagreed and determined that the interest on the claim should be determined pursuant to the "prime-plus" formula of *Till v. SCS Credit Corp.*, 541 U.S. 465, 468 (2004). The Debtor appealed. On June 23, 2006, the Court denied the Debtor's motion for leave to file an interlocutory appeal. The Debtor has moved the Court to reconsider her request to pursue an interlocutory appeal.

Leave to file an interlocutory appeal is granted only in exceptional circumstances. *See Escondido v. Mission Vill. L.P. v. Best Prods. Co., Inc.*, 137 B.R. 114, 116 (S.D.N.Y. 1992). The decision to consider such appeals is largely discretionary. *See In re Executive Office Ctrs., Inc.*, 75 B.R. 60 (E.D. La. 1987). Courts look to the factors set

forth in 28 U.S.C. § 1292(b): (1) a controlling question of law, (2) as to which there is substantial ground for a divergence of opinion and (3) whether consideration of the immediate appeal will advance the ultimate termination of the litigation.

The Court previously denied the Debtor's motion because she failed to establish a divergence of opinion on the issue presented. The Court relied on a series of cases which have addressed 910 claims subsequent to the BACPA amendments and held that interest paid on such claims should be calculated at the *Till* rate. *See, e.g., In re Johnson*, 337 B.R. 269, 273 (Bankr. M.D.N.C. 2006). The Debtor now cites *In re Carver*, 338 B.R. 521 (S.D. Ga. 2006), which she failed to cite in her initial motion. *Carver* held that in a "Chapter 13 plan, a 910 claim must receive the *greater* of (1) the full amount of the claim without interest; or (2) the amount the creditor would receive if the claim were bifurcated and crammed down (i.e, secured portion paid with interest and unsecured portion paid pro rata)." *Carver*, 338 B.R. at 528 (emphasis in original). Therefore, *Carver* stands for the minority position that the *Till* interest rate formula does not apply or would be changed by the United States Supreme Court in light of the recent amendments to the Bankruptcy Code.

While *Carver* appears to be an outlier, at least one other court has noted the "utility of the judicial remedy fashioned in *Carver*." *In re Turner*, 2006 Bankr. Lexis 628 at *10 (Bankr. D.S.C. March 31, 2006). Therefore, the Court finds that the appeal would involve a controlling question of law for which there is substantial ground for divergence of opinion. Moreover, consideration of the appeal would advance the ultimate
-2-

termination of the litigation. There is no need to await the end of the entire bankruptcy proceeding to proceed with an appeal. To "make the appeal on the merits of the claim . . . await the end of the entire bankruptcy proceeding would be inconsistent with the basic approach that we and the other courts of appeals take to bankruptcy appeals, which is to treat each adversary proceeding within the overall bankruptcy proceeding as a separate, stand-alone litigation." *In re Stoecker*, 5 F. 3d 1022, 1027 (7th Cir. 1993).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The Debtor's Motion for Reconsideration [Docket No. 4] is **GRANTED**; and

2. The Debtor's Motion for Leave to File an Interlocutory Appeal [Docket No. 1] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 20th day of December, 2006.

          **SO ORDERED,**

          **s/ Rudolph T. Randa**
          **HON. RUDOLPH T. RANDA**
          **Chief Judge**