**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

IN RE ANNE MORRIS,                                    Case No. 06-C-612

**Debtor.**

**DECISION AND ORDER**

This matter comes before the Court on appeal from the Bankruptcy Court. On December 20, 2006, the Court granted Debtor leave to pursue this interlocutory appeal. Debtor's appeal presents the following issue: did the Bankruptcy Court err by allowing interest to be added to Wells Fargo's claim on a secured vehicle loan purchased within 910 days of Debtor's bankruptcy filing (a "910 claim")? The Court answers no. The decision of the Bankruptcy Court is affirmed.

On November 26, 2003, Debtor purchased a 2001 Ford Explorer (the Vehicle). Wells Fargo financed the purchase and was granted a security interest in the Vehicle.

On December 28, 2005, Debtor filed a petition under Chapter 13 of the Bankruptcy Code. On January 25, 2006, Wells Fargo filed a proof of claim on in the amount of $14,933.96 plus 9% interest ($1,979.52) for a total claim of $16,913.48.

On February 7, 2006, Debtor filed an objection to Wells Fargo's claim. Wells Fargo responded that its calculation of interest was based on the "prime plus" formula described in *Till v. SCS Credit Corp.*, 541 U.S. 465, 477-80 (2004).

After an evidentiary hearing, the Bankruptcy Court found that Wells Fargo had a secured claim for purposes of 11 U.S.C. § 1325(a)(5)(B)(ii). Therefore, the court found that Wells Fargo was entitled to interest on its claim according to the *Till* formula.

This appeal presents a purely legal question involving the proper statutory interpretation of various provisions of the Bankruptcy Code. Accordingly, the Court will conduct a *de novo* review of the Bankruptcy Court's decision. *See Meyer v. Rigdon*, 36 F.3d 1375, 1378 (7th Cir. 1994).

§ 1325(a)(5)(B)(ii) of the Bankruptcy Code, as interpreted by the Supreme Court, requires payment of interest in addition to the allowed secured claim when a debtor retains the collateral. *See Rake v. Wade*, 508 U.S. 464, 469 (1993) (section "1325(a)(5)(B)(ii) guarantees that property distributed under a plan on account of a claim . . . must equal the present dollar value of such claim as of the confirmation date").

Pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the following sentence was added to the end of § 1325(a):

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

This sentence is commonly known as the "hanging paragraph" of § 1325(a). The parties agree that Wells Fargo's claim is a claim described in the hanging paragraph.

The hanging paragraph refers to Section 506 of the Bankruptcy Code. Section 506(a) provides:

> (1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

Debtor argues that Wells Fargo's claim is not an "allowed secured claim" because the hanging paragraph states that Section 506 does not apply for purposes of § 1325(a)(5)(B)(ii). Accordingly, Debtor argues that Wells Fargo is not entitled to interest on its claim.

This argument fails because Section 506 does not provide the sole definition of "allowed secured claim." In fact, the Supreme Court has specifically held that Section 506 is "not a definitional provision." *Dewsnup v. Timm*, 502 U.S. 410, 415 (1992). Section 506(a) merely provides a mechanism to measure the amount of an allowed secured claim. Section 506 is not located in Chapter 1 of the Code, which includes the general definitions used by the Code.

Section 502 of the Bankruptcy Code determines whether a claim is "allowed" by reference to applicable state law. *See Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20 (2000). It is undisputed that such an obligation was formed under Wisconsin law. Whether a claim is secured or unsecured is also a matter of contract and applicable state law. *See Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 328-29 (1993); *In re Ogden*, 314 F.3d 1190, 1200

-3-

(10th Cir. 2002) (non-bankruptcy substantive law usually determines the existence of a secured claim). Wells Fargo's claim is secured under Wisconsin law. Taken together, Wells Fargo has an "allowed secured claim" in the amount of $14,933.96 and is entitled to interest on that claim pursuant to the *Till* formula.

Numerous courts, after considering the hanging paragraph, follow the same logic and reach the same conclusion. *See In re Brown*, 339 B.R. 818, 821 (Bankr. S.D. Ga. 2006) ("It is neither necessary nor appropriate to contort § 506(a) into a definitional provision. Other Code sections address whether a claim is 'allowed' and 'secured.'"); *In re Bufford*, 343 B.R. 827, 832-33 (Bankr. N.D. Tex. 2006) (A claim is determined to be "allowed" or not pursuant to Section 502 of the Code, and is determined to be either "secured" or not pursuant to state law).

Debtor relies upon *In re Carver*, 338 B.R. 521 (S.D. Ga. 2006). *Carver* stands for the minority position that the *Till* interest rate formula does not apply in light of the hanging paragraph. *Carver* presumes that Section 506 is a definitional provision. The Court agrees with the overwhelming majority of cases which hold to the contrary.

In *Till*, the Supreme Court noted that "if we have misinterpreted the intended meaning of 'value, as of the date of the plan,' we are confident Congress will enact appropriate remedial legislation." *Till*, 541 U.S. at 480 n.19. Eleven months later, Congress enacted BAPCPA. However, Congress gave no indication that it intended to overrule *Till*, hanging paragraph or not. *Till*'s prime-plus formula remains applicable. *See, e.g.,In re Murray*, 352 B.R. 340, 354 (Bankr. M.D. Ga. 2006) (*Till* has not been abrogated by BAPCPA and is the

appropriate rate of interest to apply to 910 claims); *In re Desardi*, 340 B.R. 790, 814 (Bankr. S.D. Tex. 2006) (continuing to apply *Till*); *In re Fleming*, 339 B.R. 716, 723-24 (Bankr. E.D. Mo. 2006) (same); *In re Johnson*, 337 B.R. 269, 273 (Bankr. M.D.N.C. 2006) (same).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Debtor's appeal is **DENIED**; and

2. The Bankruptcy Court's decision overruling Debtor's objection to Wells Fargo's claim (Claim #4) is **AFFIRMED**.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2007.

                      **SO ORDERED,**

                      **s/ Rudolph T. Randa**
                      **HON. RUDOLPH T. RANDA**
                      **Chief Judge**